UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN WYDAJEWSKI,

Plaintiff,

v.

WARDEN, et al.,

Defendants.

Case No.  1:26-cv-01100-HBK (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

(Doc. 3)

Pending before the Court is Plaintiff's motion to appoint counsel filed on February 9, 2026.  (Doc. 3).  Plaintiff, a prisoner, is proceeding pro se and *in forma pauperis* on his initial complaint. (Doc. 1).  Plaintiff seeks appointment counsel because (1) he cannot afford to retain counsel, (2) his incarnation will limit his ability to litigate, (4) he believes the issues raised are complex, (5) a trial in this case would likely involve conflicting testimony and witnesses which counsel would be better able to present, and (6) his efforts to retain counsel that have been unavailing.  (Doc. 3).

The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for

people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims pro se in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met the "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  First, Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *see also Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  Plaintiff's purported lack of general knowledge of the law and ability to litigate are common challenges faced by pro se litigants but do not warrant appointment of counsel.  *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants.").  Although plaintiff is proceeding pro se and is incarcerated, he faces the same obstacles all pro se prisoners face.  Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel.  *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020).  And contrary to Plaintiff's assertion, the Court does not find that the legal issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).  Further, Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Furthermore, the Court has not screened the complaint or entered a discovery and

2

scheduling Order.  Consequently, at this early stage of litigation it is difficult for the Court to determine Plaintiff's likelihood of success on the merits.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, No. 18CV361-JLS (LL), 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding it was too early to determine plaintiff's likelihood of success on the merits because fact discovery had not been completed).  Thus, Plaintiff has not showed exceptional circumstances to warrant appointment of counsel at that time.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. 3) is DENIED without prejudice.

Dated:    February 10, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3